FILED

06/30/2020

Clerk of the
Appellate Courts

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs March 18, 2020

## STATE OF TENNESSEE v. DONQUISE TREMONTE ALEXANDER

**Appeal from the Criminal Court for Davidson County**
**No. 2011-A-317      Mark J. Fishburn, Judge**

_____

### No. M2019-01715-CCA-R3-CD

_____

The Petitioner, Donquise Tremonte Alexander, entered a guilty plea to second-degree murder and was sentenced to thirty years in confinement. Following a motion to correct an illegal sentence and an untimely petition for post-conviction relief, the Petitioner filed a pro se petition to correct a clerical error on his judgment form, alleging that the form was not stamped "filed." The post-conviction court denied the petition, and the Petitioner filed a timely appeal. Following our review, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which NORMA MCGEE OGLE and ROBERT W. WEDEMEYER, JJ., joined.

Donquise Tremonte Alexander, Mountain City, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; T. Austin Watkins, Assistant Attorney General; Glenn R. Funk, District Attorney General; and Kathy Morante, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

### FACTUAL BACKGROUND

In 2011, the Petitioner was indicted for premediated first-degree murder, first degree felony murder, attempt to commit especially aggravated robbery, and possession of a weapon during the commission of a dangerous felony. On July 26, 2012, the Petitioner pled guilty to second degree murder pursuant to a negotiated plea agreement for a thirty-year sentence. The Petitioner subsequently filed a motion to correct an illegal sentence that was denied by the post-conviction court and was affirmed by this court on appeal. State v. Donquise Tremonte Alexander, No. M2015-02098-CCAR3CD, 2016 WL 768894, at *1 (Tenn. Crim. App. Feb. 29, 2016). Additionally, the Petitioner filed a petition for post-conviction relief that was dismissed as untimely. Id. This motion for a corrected judgment to be file-stamped followed.

The post-conviction court denied the Petitioner's pro se motion in an order filed September 3, 2019. The post-conviction court found that although the Petitioner's judgment form did not show a visible file-stamp, there was a minute entry dated "Thursday, July 26, 2012," that was recorded to reflect the date of the Petitioner's guilty plea. The Petitioner timely filed a notice of appeal. The case is now before us for review.

## ANALYSIS

The Petitioner contends that the post-conviction court erred by denying him relief, arguing that the judgment form should be file-stamped, and that such an omission amounted to a clerical error. The State responds that relief was properly denied because the post-conviction court found the validity of the judgment form was not affected by the lack of a file-stamped.

Tennessee Rules of Criminal Procedure 36 provides that "[a]fter giving any notice it considers appropriate, the court may at any time correct clerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission." "In making changes for clerical error, the record in the case must show that the judgment entered omitted a portion of the judgment of the court or that the judgment was erroneously entered." State v. Jake Lee Thomas, Jr., No. 03C01-9504-CR-00109, 1995 WL 676396, at *1 (Tenn. Crim. App. Nov. 15, 1995).

In its order, the post-conviction court noted that the minute entry from the plea hearing was dated "Thursday, July 26, 2012."[1] The Petitioner has not argued that the

---

[1] The plea hearing transcript was not included in the record.

lack of a file-stamp affects the validity of his judgment or sentence. The judgment form accurately reflects the Petitioner's sentence; there is no omission of a portion of the judgment; and the judgment was not erroneously entered. There is no clerical error on the Petitioner's judgment form that Tennessee Rules of Criminal Procedure 36 addresses.

## CONCLUSION

Based upon the foregoing, the judgment of the post-conviction court is affirmed.

_____
D. KELLY THOMAS, JR., JUDGE